UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROLANN ROEMEN, | ) | CIV. 09-4145-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | SUMMARY JUDGMENT AND |
| FEDERATED MUTUAL INSURANCE | ) | GRANTING MOTION TO |
| COMPANY, an insurance company, | ) | AMEND SCHEDULING ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff, Carolann Roemen, filed suit against defendant, Federated Mutual Insurance Company, in the Circuit Court, Second Judicial Circuit, Minnehaha County, South Dakota, asserting that Federated wrongfully refused to pay her medical bills. Roemen sought compensatory and punitive damages under South Dakota law for her claims of breach of the duty of good faith and fair dealing, breach of fiduciary duty, breach of contract, and unreasonable and vexatious refusal to pay. Federated removed the action to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Federated argues that Roemen's claims are preempted by the Employee Retirement Income Security Act (ERISA) and moves for summary judgment on this claim. Roemen opposes Federated's motion. Because the summary judgment motion is pending, Roemen moves to amend the scheduling order. Federated did not respond.

**BACKGROUND**

The record before the court is sparse at best. Based on Federated's statement of material facts and the exhibits presented to the court, the facts are as follows: Roemen is an employee of Roemen's Auto Supply. She was provided with group health insurance through group health insurance policy number 5672, which was issued by Federated. The parties dispute whether the plan administrator has been identified. The insurer is Federated. Roemen underwent surgery in August 2007, and Federated denied her claims relating to this procedure, giving rise to this lawsuit.

The parties dispute which documents governed the group health insurance policy at the relevant time. Federated presented the court with a Group Health Insurance Certificate of Coverage identifying the effective date as February 1, 2008, the employer as Roemen's Auto Supply, the policy number as 5672, and the policyholder as Roemen's Auto Supply. Docket 8-1 at 6. The Group Health Insurance Certificate of Coverage states that the policy is delivered in South Dakota and is governed by South Dakota law. Docket 8-1 at 6. Federated also provided the court with a Summary Plan Description: Company Employee Security Benefits Plan (Summary Plan Description) stating that the sponsor of the plan and the plan administrator were Roemen's Auto Supply and the insurer was Federated. Docket 8-1 at 7. The Summary Plan Description also contains information about eligibility for participation in the

2

plan, enrollment, and rights and protections under ERISA. Docket 8-1 at 8-9. Roemen asserts that these documents are irrelevant because they postdate the date of the treatment and claims in question.

Roemen presented the court with a document entitled Group Health Policy that indicates that the policy holder was Federated Health Choice Group Insurance Trust, the effective date was October 1, 2003, the policy anniversary was January of each year, the policy number was 5672, and the policy was delivered in Iowa and was governed by Iowa laws. Docket 16-1 at 2. Roemen asserts that this document relates to the group health insurance policy in effect at the time her claims were incurred.

Roemen retained Joe Dobbs as an ERISA claims expert. Dobbs reviewed the group health insurance policy and opined that the policy did not meet the requirements of ERISA. Docket 13-1. Dobbs explained that he found no mention of a plan administrator or any named fiduciaries in the policy, that the policy did not identify itself as a benefit plan subject to ERISA, and that neither the insured's identification card nor the Explanation of Benefits mentioned ERISA. The court is unable to ascertain from Dobbs's report what policy documents he reviewed to reach his conclusions.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries by regulating the creation and administration

4

of employee benefit plans." Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc., 999 F.2d 298, 301 (8th Cir. 1993) (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987)). At issue in this case is the preemptive effect of ERISA on state laws. "Consistent with the decision to create a comprehensive, uniform federal scheme for regulation of employee benefit plans, Congress drafted ERISA's preemption clause in broad terms." Id. ERISA's preemption clause provides that, subject to certain limited exceptions, the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

In order to determine whether Roemen's state-law claims are preempted by ERISA, the court must first determine if the group health insurance policy at issue in this case was a "plan" within the meaning of ERISA. See Johnston v. Paul Revere Life Ins. Co., 241 F.3d 623, 628 (8th Cir. 2001) ("As a preliminary matter, we must determine if the disability insurance policy at issue was a 'plan' within the meaning of ERISA because the existence of a 'plan' is a prerequisite to the jurisdiction of ERISA."). "The existence of an ERISA plan is a mixed question of fact and law." Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994). ERISA defines "plan" as "an employee welfare benefit plan or an employee pension benefit plan." 29 U.S.C. § 1002(3). "Employee welfare benefit plan," in turn, is defined as "any plan, fund, or program . . . established or maintained by an employer . . . for the

purpose of providing its participants or their beneficiaries . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

Thus, to qualify as an employee welfare benefit plan, the group health insurance policy must be a "plan, fund, or program" and must be "established or maintained" by Roemen's Auto Supply. "To qualify as a 'plan, fund, or program' under ERISA, a reasonable person must be able to ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits." Northwest Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994) (internal quotation omitted). Further, the plan must require the "establishment of a separate, ongoing administrative scheme to administer the plan's benefits." Kulinski, 21 F.3d at 257.

With respect to the "established or maintained" requirement, the Department of Labor, pursuant to 29 U.S.C. § 1135, promulgated a safe harbor regulation explaining when an employer may be involved with an employee welfare benefit plan without having "established or maintained" it. Van Natta v. Sara Lee Corp., 439 F. Supp. 2d 911, 922 (N.D. Iowa 2006); see also Dam v. Life Ins. Co. of N. Am., 206 Fed. Appx. 626, 626 (8th Cir. 2006) (considering safe harbor regulation); Johnson v. Watts Regulator Co., 63 F.3d 1129, 1133 (1st Cir. 1995) (explaining that safe harbor regulation addresses "established or

maintained" requirement); Bonestroo v. Continental Life & Accident Co., 79 F. Supp. 2d 1041, 1047 (N.D. Iowa 1999). The safe harbor regulation provides,

> the term[] "employee welfare benefit plan" . . . shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). If all four requirements of the safe harbor regulation are satisfied, then the plan is not considered to have been "established or maintained" by the employer, and ERISA preemption does not apply to claims relating to the plan. Van Natta, 439 F. Supp. 2d at 923.

Here, Federated asserts that the group health insurance policy at issue in this case was an employee welfare benefit plan within the meaning of ERISA and that ERISA preemption applies as a matter of law. Roemen asserts that

7

there are material factual disputes regarding whether this plan falls under ERISA.  The court agrees with Roemen.  The parties dispute which policy documents apply to the plan in this case.  Without knowing which documents to review to determine whether the intended benefits, class of beneficiaries, source of financing, and procedures for receiving benefits are reasonably ascertainable, the court cannot determine whether the group health insurance policy qualifies as a plan, fund, or program under ERISA.  Moreover, in the absence of any facts about the circumstances under which Roemen received the group health insurance benefits, the role of Roemen's Auto Supply in funding and administering the policy, and the relationship between Roemen's Auto Supply and Federated, the court cannot determine if the safe harbor regulation applies so that the group health insurance policy was not "established or maintained" by Roemen's Auto Supply.  Because there are disputed issues relating to whether the group health insurance policy was a "plan" within the meaning of ERISA, the court cannot determine at this stage whether Roemen's state-law claims are preempted.  Thus, Federated's motion for summary judgment on ERISA preemption is denied.

As noted, whether or not ERISA preemption applies in a case is a mixed question of law and fact, and a threshold issue which determines how the case will proceed. Kulinski, 21 F.3d at 256.  When confronted with a situation identical to that faced by the court in the instant case, district courts have

found it appropriate to conduct an evidentiary hearing to resolve issues of fact. See, e.g., Ackerman v. Fortis Benefits Ins. Co., 254 F. Supp. 2d 792 (S.D. Ohio 2003). This procedure is similar to that conducted in resolving other threshold mixed questions of law and fact, such as disputes over personal and subject matter jurisdiction. See Dakota Indus. Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (stating that personal jurisdiction must be proved by a preponderance of the evidence if the court holds an evidentiary hearing); Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (stating that the proper course for factual attack to jurisdictional allegations in a complaint is to request an evidentiary hearing on the issue). Accordingly, the court concludes that it is necessary to conduct an evidentiary hearing on the issue of ERISA preemption in this case.

Based on the foregoing, it is hereby

ORDERED that Federated's motion for summary judgment (Docket 8) is denied.

IT IS FURTHER ORDERED that the court will conduct an evidentiary hearing on the issue of ERISA preemption on a date further specified with the agreement of the parties.

IT IS FURTHER ORDERED that Roemen's motion to amend scheduling order (Docket 17) is granted. All the dates in the scheduling order are

suspended and new dates will be determined after the court rules on the ERISA preemption issue.

Dated June 1, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE